# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BOBBY R. ABERNETHY,<br>*Plaintiff*,<br><br>v.<br><br>PATRICK DONAHOE, POSTMASTER GENERAL<br>of the UNITED STATES POSTAL SERVICE,<br>*Defendant*. | No. 3:11–cv–00077<br><br>OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

Plaintiff Bobby R. Abernethy, *pro se*, alleges that Defendant Patrick Donahoe, as Postmaster General of the United States Postal Service (USPS), breached a "pay contract" purportedly existing between the two parties. Compl. ¶ 3. Three matters are currently pending before the Court: (1) Plaintiff's Motion to Retain Civil Case in Charlottesville Division (docket no. 3); (2) Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (docket no. 7); and (3) Defendant's recently filed Second Motion to Dismiss (docket no. 21). The parties have not requested a hearing on any of their Motions, and I will decide them on the submissions. For the reasons I explain below, I will deny Plaintiff's Motion, and I will transfer the case to Harrisonburg. I will also grant Defendant's first Motion, and I will dismiss the case for failure to state a claim upon which relief can be granted. Defendant's Second Motion to Dismiss will be denied as moot.

## I.[1]

Plaintiff was employed by the USPS from 1966 until he voluntarily retired in May, 2011. Plaintiff alleges that, since 2006, he was a "saved grade" and "saved pay" status employee. Plaintiff explains that "saved grade" status means that, even despite the employee being reassigned to a position with a lower grade, the employee's grade remains unchanged; similarly, "saved pay" means that the employee's pay remains unchanged even though the employee has been placed in a position that offers a lower rate of pay.[2]

Plaintiff alleges that he was once in the Postal Career Executive Service (PCES), which he claims is the highest level of pay in the USPS. In March of 1993, though, Plaintiff was reassigned and placed in a lower position in the Executive Administrative Schedule (EAS). Despite being promised to be paid at the PCES rate as a saved grade/pay employee, however, Plaintiff was instead paid at the lower EAS rate. Plaintiff claims that he was underpaid in this manner beginning in 2006 and lasting through his retirement in 2011. Plaintiff alleges a shortfall of $471,414.00. He also claims that he is due PCES bonuses for these six years. Finally, Plaintiff seeks to have his retirement pay allowance recalculated so as to reflect these new earnings figures.

---

[1] While I gather most factual allegations from Plaintiff's Complaint, the facts stated therein are rather sparse, and I therefore draw some helpful and undisputed background material from the Declaration of Norma B. Hutcheson, which is attached to Defendant's Memorandum. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).

[2] Defendant asserts that a saved grade/pay employee like Plaintiff is *not* entitled to future raises he might have received if he had remained in his previous position, but such an employee would receive raises if and when the salary for the new position rises above his pay under his saved grade/pay designation. *See* Norma B. Hutcheson Decl. ¶ 4. Plaintiff disputes these points, and attaches certain USPS personnel documents in support of his position, *see* Pl.'s Response Attach. 1, but because I dismiss the Complaint on other grounds, this particular argument is effectively rendered moot.

2

## II.

I first consider Plaintiff's Motion to Retain Civil Case in Charlottesville Division. (docket no. 3). Therein, Plaintiff claims various personal conflicts with United States Magistrate Judge James Welsh. Plaintiff thus requests that his case be heard in the Charlottesville Division instead of the Harrisonburg Division, where Plaintiff resides. Plaintiff's Motion is not well-taken, and it will be denied. Moreover, because I will dismiss the case after transferring it, the reasons Plaintiff cites in support of his Motion are rendered moot.

## III.

Turning to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (docket no. 7), I find that Plaintiff has failed to state a claim upon which relief can be granted. I will grant Defendant's Motion and dismiss this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A motion to dismiss tests the legal sufficiency of a plaintiff's complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' . . . 'will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Similarly, a complaint tendering "naked assertion[s]" devoid of "further factual enhancement" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). *See also Young v. City of Mount Rainier*, 238 F.3d 567, 577 (4th Cir. 2001) ("The presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under

3

Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion.") (citations omitted).

Defendant submits several arguments in support of his Motion, but I will grant the Motion based on the simple fact that, because a federal statute provides that, with narrow exceptions that are not applicable here, USPS employees serve *by appointment*, and not by contract. Specifically, 39 U.S.C. § 1001(b) provides that, "[e]xcept as otherwise provided in this title, the Postal Service shall appoint all officers and employees of the Postal Service." While 39 U.S.C. § 1001(c) allows the USPS to "hire individuals as executives under employment contracts," Plaintiff evidently is not—and has not alleged—that he is, or ever was, such an executive. *Cf.* Hutcheson Decl. ¶ 11 (stating that such executives are "far above Mr. Abernethy's level . . . ."). Courts that have considered similar breach of contract claims against the USPS or the Postmaster General have generally reiterated that, since § 1001(b) "specifies that Postal employees are appointed and not employed by contract," claims that the USPS breached an employment contract are "necessarily without merit." *O'Neal v. Donahoe*, 802 F. Supp. 2d 709, 714 (E.D. Va. 2011) (collecting cases). Plaintiff has therefore failed to state a breach of contract claim, and I will dismiss the case accordingly.

## IV.

Pursuant to the above, Plaintiff's Motion to Retain Civil Case in Charlottesville (docket no. 3) is hereby DENIED. The case is hereby TRANSFERRED to the Harrisonburg Division. Defendant's Motion to Dismiss (docket no. 7) is GRANTED; Defendant's Second Motion to Dismiss (docket no. 21) is DENIED AS MOOT. Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Opinion & Order to all counsel of record, and to Plaintiff, and to strike this matter from the Court's active docket.

Entered this __7th__ day of June, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE